An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO: I.P.M.N. AND M.A.M. | No. 59467 |

MONIQUE M.N., A/K/A MONIQUE N., A/K/A MONIQUE M.N.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES; I.P.M.N. AND M.A.M., MINOR CHILDREN,
Respondents.

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to her two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Steven E. Jones, Judge.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include parental unfitness, failure of parental adjustment, and the demonstration of only token efforts. Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). Additionally, if a child is placed outside of the home for 14 of any 20 consecutive months, it must be presumed that the parent has demonstrated only token efforts and that termination is in the child's best interest. NRS 128.109(1)(a) and (2). Failure of parental

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07819

adjustment may also be presumed where the parent substantially fails to comply with a case plan for reunification within six months. NRS 128.109(1)(b). Once established, these presumptions may be rebutted by the parent. Matter of Parental Rights as to J.L.N., 118 Nev. 621, 625-26, 55 P.3d 955, 958 (2002). This court will uphold the district court's termination order if it is supported by substantial evidence. Matter of Parental Rights as to D.R.H., 120 Nev. at 428, 92 P.3d at 1234.

In terminating appellant's parental rights in this case, the district court found that termination was in the children's best interests and that parental fault was established based on parental unfitness, failure to make parental adjustments, and only token efforts. NRS 128.105. The court further found that the presumptions under NRS 128.109 applied and were not overcome by appellant.

Having considered the parties' arguments on appeal and the appellate record, we conclude that substantial evidence supports the district court's findings that the statutory presumptions applied, that appellant failed to overcome the presumptions, that there was clear and convincing evidence of parental fault, and that termination of appellant's parental rights would be in the children's best interests. The record shows that at the time of the termination trial the children had been out of the home for over two years, and appellant had failed to substantially complete her case plan within that same period. In particular, while appellant had made efforts to comply with her case plan and had maintained visitation with the children, she failed to achieve the necessary objective of developing a protective capacity and being able to provide a safe environment for them. The district court found that the children's need for stability and permanency precluded allowing appellant

additional time to address these safety concerns. We conclude that substantial evidence supports the district court's decision that termination was warranted. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Eighth Judicial District Court, Department C
       Christopher R. Tilman
       Mills & Mills
       Law Offices of Romeo R. Perez, P.C.
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk